(No. 75-CV-0810)

IN RE APPLICATION OF NATALE SARACENO

*Order filed May 12, 1978.*

VICTOR F. CIARDELLI and EDWARD M. NICHOL, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General for Illinois; ALAN C. HOFFMAN and ORISHA KULICK, Assistant Attorneys General.

POLOS, C.J.

This is an action for compensation under the "Crime Victims Compensation Act," Ill. Rev. Stat. Ch. 70, para. 71, et. seq., hereafter the Act.

By an order dated December 27, 1976, this Court denied the instant claim, on the ground that the Claimant had not fully cooperated with law enforcement officials in the apprehension and prosecution of his assailant.

Claimant thereafter requested a hearing before a Commissioner of this Court.

On consideration of the evidence adduced at that hearing, the Court finds that Claimant was the victim of a shooting on March 13, 1975, in an establishment known as the Zorba's Lounge in Cicero, Illinois. Subsequent to the shooting, Claimant denied knowing his assailant. In testifying at the hearing, he also denied having known his assailant and further denied that he had told his wife that the man who had shot him was named Sam Passerlla.

Bonnie Saraceno, who had formerly been a close friend of the Claimant, was called as a witness by Respondent. She testified that on the night of the shooting she was the bartender in the Zorba Lounge. She said that her then current boyfriend was one Robert Passerlla, and that when Natale Saraceno entered the lounge, she introduced Claimant to Passerlla and they had several drinks together. She further testified that an argument ensued between them and that she saw Passerlla shoot Claimant.

On cross-examaination she testified that Robert Passerlla is now deceased.

From this testimony, the Court concludes that Claimant knew his assailant, and willfully failed to cooperate with law enforcement officials in his apprehension and prosecution. Since a condition to recovery under the Act is that a Claimant cooperate fully with law enforcement officials in the apprehension and prosecution of his assailant, Claimant is not entitled to compensation.

For the foregoing reasons, the Court finds no cause to modify the order of December 27, 1976, denying this claim.